UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO



EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Plaintiffs

v.

UNION INDEPENDIENTE DE LA
AUTORIDAD DE ACUEDUCTOS Y
ALCANTARILLADOS DE PUERTO
RICO

    CIVIL NO. 96-2650 (PG)

Defendant

and

AUTORIDAD DE ACUEDUCTOS Y
ALCANTARILLADOS DE PUERTO
RICO

Rule 19 Defendant



## OPINION & ORDER

Pending before this Court is, Rule 19 defendant's Autoridad de Acueductos y

Alcantarillados de Puerto Rico, ("AAA"), motion requesting clarification of court minutes

relative to status conference held on April 19, 2000 and requesting resolution of AAA's

motion for summary judgement on cross claim.

### I. Clarification of Court Minutes Relative to Status Conference

The Court hereby corrects its minutes relative to the status conference held on April 19,

2000 so that they state: "Equal Employment Opportunity requests a ruling on UIA's motion



2

(Dkt. #28) to set aside the monies awarded to EEO on September 16, 1998 (Dkt. #24). This motion was opposed on December 1, 1998 (Dkt. #31)."

## II. Resolution of AAA's Motion for Summary Judgement on Cross Claim

On April 9, 1997 Rule 19 defendant AAA filed a cross claim against defendant Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico ("UIA"), (Dkt. #5). On April 15, 1997 defendant UIA filed their answer to the AAA's cross complaint, (Dkt. #7). On December 29, 1998 defendant AAA filed a motion for partial summary judgement on their cross claim against UIA, (Dkt. #36). On February 5, 1999 defendant UIA filed a motion in opposition to motion for summary judgement with respect to AAA's cross claim, (Dkt. #41).

### A. Background

For a detailed description of the facts giving rise to this case please refer back to the Court's Opinion and Order of December 15, 1998, (Dkt. #34). Through the aforementioned Opinion and Order, the Court granted plaintiff EEOC's motion for partial summary judgement (Dkt. #18) and established UIA's liability under Title VII of the Civil Rights Act of 1964, for discriminating against Cruz by compelling his discharge from employment by the AAA because of his refusal, on religious grounds, to join the union. The Court will not accept UIA's invitation to reconsider the matters already discussed, analyzed, and resolved in the above mentioned Opinion and Order. Therefore, EEOC's motion for partial summary judgement will not be dismissed.[1]

---

[1]UIA, through its motion in opposition to AAA's motion for partial summary judgement, requested that the Court dismiss the motion for partial summary judgement filed by EEOC on June 30, 1998 (Dkt. #18).

### B. Discussion and Analysis

In its cross claim, Rule 19 defendant AAA alleges that the termination of Cruz's employment with AAA came at the instance of the UIA, which, upon Cruz's refusal to join the UIA, invoked and enforced the "union shop" clause in the CBA between the UIA and the AAA, thereby compelling the AAA to effectuate such termination.  AAA prays that, if the Court orders it to replace Cruz and/or any other person similarly situated in his prior employment with back pay, the Court should make the UIA liable to the AAA for any funds which the AAA may have to disburse.

In its answer to AAA's cross claim UIA requests that the Court dismiss such cross complaint alleging, among other things, that the employer in the instant case was AAA and that upon it rested the faculty to afford Cruz with a reasonable accommodation according to law.  UIA also alleges that no labor agreement could be executed or put into effect, to violate an employee's constitutional rights; and that if the execution of the union shop clause of the labor agreement entered between the union and the employer in fact violated Cruz's constitutional rights, then AAA would have had valid reasons to deny UIA's request to effectuate plaintiff's job termination.

In its motion for partial summary judgement AAA emphasizes the facts and position it alleged in its cross claim, as discussed above.  AAA states again that Cruz's dismissal by AAA came about as a direct and sole consequence of the "union shop" clause in the CBA between AAA and UIA.  Furthermore, it argues that any indemnification which AAA is compelled to pay Cruz, AAA is entitled to recover from UIA.  In support of its position, AAA translated Article VI(i) of the CBA between UIA and AAA, which according to the AAA states in its

4

relevant part:

> In any case that the Autoridad would have to pay to an employee fines,
> temporarily suspended salaries or benefits, for having been suspended of
> employment and salary, dismissed or because of a temporary suspension of
> those benefits which the Collective Bargaining Agreement provides over
> those established by law, as they are set forth in this Article, the Union
> shall reimburse the Autoridad the sums which it pays the employee or
> employees in question. To that end, the Union authorizes the Autoridad
> to collect such sums, until their complete payment, from union fees
> which the Autoridad deducts from the employees' salaries in accordance
> with Article VII of this agreement. If the Autoridad is not able, in whole
> or in part, to collect those monies in like fashion, the Union shall
> reimburse them within ten (10) days following the date in which the
> Autoridad claims such reimbursement.

In its motion in opposition to AAA's motion for partial summary judgement, defendant UIA

avers anew the reasons it stated before in its answer to cross complaint for requesting that the

Court dismiss the motion filed by AAA.  UIA emphasizes that the petition it made requesting

the suspension of Cruz from his employment, after his refusal to join the union, does not

automatically apply. UIA states that before taking any final step toward the employee

suspension, the employer AAA had to determine whether the petition made by the union was

in accordance with the CBA and, also, if that petition did not violate any of the constitutional

rights guaranteed by the United States Constitution and the federal laws to the employee

whose employment was at stake.

### C. Conclusion

Since UIA's liability has been established,[2] and Article VI(i) of the CBA between AAA

and UIA states that the UIA will reimburse the AAA the sums which AAA pays an employee

or employees for fines, temporarily suspended salaries or benefits, for having been suspended

---

[2]See the Court's Opinion and Order of December 15, 1998 (Dkt. #34).

5

of employment and salary, dismissed or because of a temporary suspension of the benefits which the CBA provides over those established by law, any indemnification that this Court compels the AAA to pay Cruz, AAA is entitled to recover from UIA.

**WHEREFORE**, this Court **GRANTS** Rule 19 defendant's motion for summary judgement on its cross claim against UIA.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, July _11_, 2000.


                                        _Juan M. Pérez Giménez_
                                    JUAN M. PÉREZ-GIMÉNEZ
                                    U. S. District Judge