UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | \* \* \* \* |
| Plaintiff | \* \* |
| v. | \*    Civ. No. 96-2650 (PG) |
| UNION INDEPENDIENTE, ET AL., | \* \* |
| Defendants | \* \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPINION & ORDER

Before the Court is the Equal Employment Opportunity Commission's ("EEOC") calculation of Back Pay and Prejudgment Interest. (Dkt 54) Defendant Union Independiente de La Autoridad de Acueductos y Alcantarillados de Puerto Rico ("UIA") filed a motion in opposition to EEOC's calculation of Back Pay and Prejudgment Interest. (Dkt. 56) Because the Court agrees with the EEOC, it grants Plaintiff $133,136.74 in back pay and prejudgment interest.

Defendant's first argument is that the Court must look to Puerto Rico's laws regarding prejudgment interest. Defendant is incorrect. *See Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 224-25 (1st Cir. 1996). The Court has discretion to chose the rate of prejudgment interest when the statute is silent. *See id.*

Defendant's second argument is that the prejudgment interest may not be compounded. Defendant points to no federal case law for support. Without this support, Defendant's argument cannot stand. The prejudgment interest award will be compounded. *See Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 145 (2$^{d}$ Cir. 1993) ("Title VII authorizes a district court to grant pre-judgement



AO 72A
(Rev.8/82)

96-2650 (PG) 2

interest on a back pay award . . . . Given that the purpose of a back pay award is to make the plaintiff whole, it can only be achieved if interest is compounded.").

Wherefore, the Court awards Plaintiff $133,136.42 in compounded prejudgment interest and back pay.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 25, 2000.

JUAN M. PEREZ-GIMENEZ
U.S. District Judge

AO 72A
(Rev.8/82)