UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br>    v.<br><br>UNION INDEPENDIENTE AUTÉNTICA DE LA AAA,<br>    Defendant,<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS and ONDEO DE PUERTO RICO<br>    Rule 19 Defendants | Civil Action No.<br>96 2650 (PG) |

## CONSENT DECREE

This cause of action was initiated on December 27, 1996, by the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), an agency of the United States Government, alleging that Defendant, Union Independiente Auténtica de la Autoridad de Acueductos y Alcantarillados (hereinafter "UIA") violated Title VII of the Civil Rights Act of 1964, as amended by engaging in unlawful discrimination on the basis of religion in violation of Title VII, 42 U.S.C. §2000e et seq. (hereinafter "Title VII"). In its Complaint, the EEOC alleged that UIA discriminated against Charging Party, David Cruz Carillo (hereinafter, "Charging Party"), who is a Seventh Day Adventist, because of his religion by insisting he become a union member. EEOC alleges Charging Party was required to become a union member notwithstanding his religious beliefs forbidding such membership, and when he refused, UIA secured his discharge from employment by Rule 19 Defendant, La Autoridad de Acueductos y

1

Alcantarillados (hereinafter, "AAA"). The EEOC also alleged that UIA failed and refused to afford Charging Party a reasonable accommodation for his religious observance and practice. EEOC also alleged in its Amended Nature of the Action that Rule 19 Defendant, ONDEO, is as of July 2002, the current operator and administrator of AAA.

Defendants UIA, AAA and ONDEO (hereinafter collectively "Defendants") deny the allegations of the EEOC's Complaint and Amended Nature of the Action, and consistently deny that they have engaged in discrimination on the basis of religion in violation of Title VII. Defendant UIA specifically maintains that it only sought Charging Party's suspension and not discharge from employment when he refused to join the UIA.

The EEOC, UIA and Rule 19 Defendants, AAA and ONDEO (hereinafter, "the Parties"), desire to settle this action, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding between the Parties, whom are the signatories hereto, and their successors or assigns. This Decree resolves all of Plaintiff's claims related to Civil Action No. 96 2650 (PG), filed in the United States District Court for Puerto Rico. The Parties agree that Defendants' Cross-Claims will be dismissed without prejudice. The Parties have agreed that this Decree may be entered into without Findings of Fact and Conclusions of Law having been made and entered by the Court. This Parties agree and understand that this Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendants in accordance with standard EEOC procedures, and to commence civil actions on any such charges unrelated to those referenced above.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is

therefore ORDERED, ADJUDGED AND DECREED that:

1. This Decree resolves all issues raised in EEOC Charge Number 16H-94-0137 and all issues that were raised in the EEOC's Complaint and Amended Nature of the Action in this case.

2. The Parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and over the Parties, that venue is proper, and that all administrative prerequisites have been met. No party shall contest the validity of this Decree, or the jurisdiction of the federal district court to enforce this Decree and its terms.

3. This Decree is being issued with the consent of the Parties and does not constitute an adjudication or finding by this Court on the merits of the allegations of the Complaint. Nothing contained in this Decree shall be construed as an admission of liability on the part of Defendants.

4. Defendants and their managers, officers, agents, successors, and assigns, agree that they will not discriminate against any individual because of the individual's religion, subject employees to differential treatment regarding the terms and conditions of employment on the basis of their religion, engage in religious discrimination toward any employee, or engage in retaliation against any individual for asserting her or his rights under Title VII. Defendants also agree to provide religious accommodations to employees and union members as is required under Title VII. Defendants and its agents further agree not to retaliate against any individual who has participated in this matter in some way, given testimony in this matter or asserted her or his rights under Title VII, including, but not limited to, Charging Party, deponents or identified witnesses in this matter.

## A. MONETARY RELIEF

5. In settlement of this dispute, Defendant UIA shall pay a total of seventy-five thousand dollars ($75,000) to Charging Party in the nature of back pay. As the Parties acknowledge that the payment to Charging Party is for back pay, Defendants also acknowledge that this payment shall be subject to all applicable federal, state and/or local withholding and/or payroll taxes. The payment will be made by UIA to ONDEO, who will be responsible for the administrative task of issuing payment from the settlement amount for Charging Party's savings, retirement, social security, local and federal taxes. Once ONDEO has processed the aforementioned deductions, the remaining balance will be provided to Charging Party. ONDEO understands that it is also responsible for providing the Charging Party with W-2 forms for these payments.

6. Defendant UIA shall make above referenced payment to ONDEO no more than fourteen (14) days after the Court's entry of this Consent Decree by delivering a certified bank check to Ondeo, by United States Postal Service, certified mail receipt. ONDEO will then process the payment as set forth above, within thirty (30) days. ONDEO agrees that W-2 forms will also be sent to Charging Party when they generate W-2s for the relevant fiscal year.

7. Defendant UIA shall send a copy of the check made out to ONDEO, and return receipts to Katherine E. Bissell, Regional Attorney, EEOC, New York District Office of the EEOC, 33 Whitehall St. 5th Floor, New York, NY, 10004-2112, simultaneous to Defendant UIA's delivery to ONDEO. ONDEO will also provide the EEOC a copy of its distribution of Charging Party's payment as set forth above.

**B.   REINSTATEMENT AND RELIGIOUS ACCOMMODATION
OF CHARGING PARTY**

8. Defendants will work collaboratively to reinstate Charging Party as an employee of AAA maintaining him within his current bargaining unit position as "Oficinista General" with the following religious accommodation:

a. Charging Party will not be required to become a member of the union based upon his sincerely held religious beliefs which prevent him from becoming a union member.

b. Charging Party agrees that an amount equal to the union dues collected from other bargaining unit members shall be deducted from his wages and paid to Fundación SIDA Pediatrica. If for any reason Fundación SIDA Pediatrica ceases to exist, Charging Party and the UIA agree to engage in discussions towards the selection of another mutually agreeable non-religious charitable organization.

c. Defendant UIA agrees that Charging Party will not be required to swear or affirm allegiance to the union nor participate in strikes. In the event of a strike, however, Charging Party agrees that he will not cross the picket lines but will dedicate to his church, as volunteer work, the same amount of time which his co-workers dedicate to the strike. Charging Party also agrees that he will not openly oppose the union or union membership in the workplace.

d. Defendants agree to allow Charging Party participation in a medical plan. If Charging Party selects membership in the UIA plan, the UIA stipulates that said medical plan is not part of the UIA such that it would require or otherwise imply Charging Party's membership in the union.

5

The Parties agree that this religious accommodation resolves Charging Party's individual sincerely held religious beliefs.

**C.    NOTICE AND POSTING**

9.    No later than thirty (30) days after the Court's entry of this Decree, Defendant ONDEO shall post throughout its area offices, and Defendant UIA throughout its area offices, a copy of a remedial notice printed on its respective letterhead and signed by UIA President, Hector Rene Lugo and ONDEO Director on behalf of ONDEO, attached hereto as Exhibit "A." This posting shall be posted in Spanish with costs to be borne by ONDEO and subject to the review of the EEOC.

**D.    WRITTEN POLICY**

10.    Defendant ONDEO shall revise their policies on equal employment opportunity to contain: an equal employment opportunity policy and detailed complaint procedure that includes; a clear explanation of prohibited conduct, assurance that employees who make complaints of discrimination or provide information related to such complaints will be protected against retaliation; a clearly described complaint process that provides accessible avenues of complaint; assurance that the employer will protect the confidentiality of complaints to the extent possible, and a complaint process that provides a prompt, thorough, and impartial investigation, and assurance that Defendant ONDEO will work collaboratively to take immediate and appropriate corrective action when it determines that discrimination has occurred. This policy will also specifically include a statement regarding Defendant ONDEO's responsibility to provide employees religious accommodations, and shall provide a clearly identified process and procedure for directing requests for accommodation to management for this purpose. These

policies will be included in any relevant policy or employee manuals kept by Defendant ONDEO. The policy will also be posted in a conspicuous and accessible place for all employees and printed in a font that is easily legible (at least 12 point font).

11. Defendant UIA and Defendant ONDEO shall work collaboratively to ensure that the above described policy is included or otherwise referenced in the Collective Bargaining Agreement between the parties. In addition, Defendant UIA shall also revise its policies on equal employment opportunity within its collective bargaining agreement to contain policies consistent with the revised policies of Defendant ONDEO. Defendant UIA will also specifically include a statement in its Collective Bargaining Agreement regarding its responsibility to provide union members religious accommodations, and shall provide a clearly identified process and procedure for directing requests for accommodation to the union for this purpose.

12. The revised policies, procedures and CBA referenced in paragraphs 10 and 11 shall be submitted to Katherine E. Bissell, Regional Attorney, EEOC, New York District Office of the EEOC, 33 Whitehall St. 5th Floor, New York, NY, 10004-2112 for evaluation of substantial compliance and approval within six (6) months of the entry of this Decree. EEOC will notify Defendants as to whether such policies and procedures are acceptable. In the event said policies are not acceptable to the EEOC, the parties will confer in good faith and attempt to reach an agreement no later than thirty (30) days after the receipt of the EEOC's objection. Approval will not be unreasonably withheld by the EEOC. These policies and procedures for EEOC's review may be submitted in Spanish if that is the language in which they will be distributed to employees and union members.

### E. TRAINING

13. Defendant ONDEO agrees to prepare and require its management to attend an intensive training program of at least two hours regarding equal employment opportunity rights and responsibilities, with a focus on religious discrimination and the rights and responsibilities of both employee and employer with regards to religious accommodations in employment. Management employees will receive training on the implementation of the policy and procedures described in paragraph 10, yearly; all new management employees shall receive this training immediately upon hire - during initial orientation or otherwise. A certificate or other proof of course completion by all management employees of this training shall be provided to the EEOC c/o Katherine Bissell, Regional Attorney, New York District Office, 33 Whitehall Street, 5th Floor, NY, NY 10004-2112, no later than one year after the Court's entry of this Decree.

14. Defendant UIA also agrees to prepare and require its leadership throughout Puerto Rico to attend an intensive training program of at least two hours regarding equal employment opportunity rights and responsibilities, with a focus on religious discrimination and the rights and responsibilities of both employee and employer with regards to religious accommodations in employment. During this training, union leadership will receive training on the implementation of the policy and procedures described in paragraph 10 and the CBA provisions and procedures described in paragraph 11. A certificate or other proof of course completion by all union leadership of this training shall be provided to the EEOC c/o Katherine Bissell, Regional Attorney, New York District Office, 33 Whitehall Street, 5th Floor, NY, NY 10004-2112 no later than one year after the Court's entry of this Decree.

15. Six (6) months after receiving notice of the Court's entry of this Decree,

Defendants shall submit a draft curriculum and materials to be distributed at the required trainings described in paragraphs 13 and 14 to the EEOC. Draft curriculum and training shall be submitted to Katherine E. Bissell, Regional Attorney, EEOC, New York District Office of the EEOC, 33 Whitehall St. 5th Floor, New York, NY, 10004-2112 for review and substantial compliance. EEOC will then notify Defendants within thirty (30) days as to whether its proposal is acceptable. In the event that the proposed course is not acceptable to the EEOC, the parties will confer in good faith and attempt to reach an agreement no later than thirty (30) days after receiving the EEOC's objection. Approval will not be unreasonably withheld by the EEOC. Draft curriculum and training materials can be submitted to the EEOC in Spanish if that is the language in which they will be prepared for the training groups.

**F.     REPORTING OF RELIGIOUS ACCOMMODATIONS**

16.     Every year, starting from the date of entry of this Decree, Defendants will provide the EEOC with notification of any requests for religious accommodation it receives at any stage in its employment or union membership process for 2 years from the entry of this Consent Decree. This notification will include Defendants' response to the request for the accommodation which resolves the conflict between the religious belief/request and the terms or conditions of employment.

**G.     MONITORING**

17.     The EEOC has the right to monitor and review compliance with this Consent Decree. Accordingly:

  a)     On or before one (1) year from the date of entry of this Decree, Defendants shall submit written proof via affidavit to the EEOC that it has complied with the requirements

set forth in Sections A-F above. Such proof shall include, but not be limited to, a sign-in sheet or certificate or other proof of training completion, a copy of its revised policies and employment questions related to providing religious accommodations, and an affidavit stating that the required posting was posted as set forth in Section C above.

    b) Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that any of the Defendants fail to perform the promises and representations contained herein.

  18. Each Party shall bear its own attorney's fees and costs.

  19. This Decree will remain in effect for 2 years from the entry of this Consent Decree.

## H. DEFENDANT'S CROSS-CLAIMS

  20. The Parties agree that Defendants' Cross-Claims will be dismissed without prejudice.

SO ORDERED, ADJUDGED AND DECREED.

Signed this __12th__ day of __June__, 2003

_____
The Honorable Judge Perez-Gimenez

APPROVED IN FORM AND CONTENT:

By Plaintiff, EEOC:

*Katherine E. Bissell* by RLP
KATHERINE E. BISSELL
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall St. 5th Floor
New York, NY 10004-2112
(212) 336-3690

R. LILIANA PALACIOS
Trial Attorney (MA 640786)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
c/o SAN JUAN AREA OFFICE
525 F.D.R. Avenue
Plaza Las Americas, Suite 1202
San Juan, PR 00918
(617) 306-6440

For Defendant UIA:

_____
Angel Tapia Flores, Esq. (USDPR No.)
Tapia & Avilés
P.O. Box 362167
San Juan, PR 00936-2167
Tel. 787-764-1430

For Defenant AAA:

_____
Rafael Vázquez González, Esq. (USDCPR 205713)
Vázquez & Vázquez
P.O. Box 364168
San Juan, PR 00936-4168
Tel. 787-622-6822

For Defendant ONDEO:    _____
Víctor R. Rodígeuz Fuentes, Esq. (USDC 126102)
Salicrup & Asociados
Suite 112 MSC 393
100 Grand Boulevard Paseos
San Juan, P.R. 00926
Phone: (787) 763-9711/Fax (787) 763-9717

Exhibit A

## **NOTICE**

1. This <u>NOTICE</u> to all employees of AAA and members of UIA is being posted and provided as part of a Consent Decree between UIA, AAA and ONDEO as Defendants and the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION. UIA, AAA and ONDEO, as part of the resolution of this matter, will not discriminate against any individual because of the individual's religious beliefs and will accommodate individuals who hold sincerely held religious beliefs absent undue hardship.

2. Federal law requires that there be no discrimination against any employee or applicant for employment because that person made a complaint of discrimination because of sex, race, national origin, color or religion with respect to hiring, compensation, promotion, discharge, or other terms, conditions or privileges of employment.

3. UIA, AAA and ONDEO will comply with such Federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperated with the U.S. Equal Employment Opportunity Commission or by otherwise opposing employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

4. The Equal Employment Opportunity Commission maintains offices throughout the United States. Its toll-free telephone number is 1-800-USA-EEOC. The San Juan Area Office of the EEOC has jurisdiction over Puerto Rico and the Virgin Islands and can be contacted at (787) 771-1464.

5. This <u>NOTICE</u> will remain posted until , *(2 YEARS FROM DATE OF SIGNATURE.)*

SIGNED this ___ day of _____, 2003.


_____          _____
AAA/ONDEO CHIEF EXECUTIVE OFFICER          UIA PRESIDENT


***DO NOT REMOVE THIS NOTICE UNTIL 2 YEARS FROM DATE OF SIGNATURE***

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Approve Consent Decree and Copy of Fully Executed Consent Decree was served by U.S. Mail, postage prepaid, on this __9__ day of June, 2003, to the following:

Angel Tapia Flores, Esq. (For UIA)

Tapia & Avilés

P.O. Box 362167

San Juan, PR 00936-2167


Rafael Vázquez González, Esq. (USDCPR 205713)

Vázquez & Vázquez

P.O. Box 364168

San Juan, PR 00936-4168


Victor Rodríguez, Esq. (USDC 126102)

Pedro J. Salicrup & Asociados

Suite 112 MSC 393

100 Grand Bulevard Paseos

San Juan, P.R. 00926

_____
R. Liliana Palacios